The opinion of the court was delivered by
Nicholls, C. J.
The property in litigation in this suit was, while standing assessed in the name of George West, adjudicated to the State, first under Act No. 77 of 1880, for the unpaid taxes of 1881, and later, under Act 96 of 1882, for the unpaid taxes of 1882 and 1888.. While so situated it was offered for sale under Act 82 of 1884, and adjudicated to the defendant Negrotto on the 14th day of August, 1888,. for the unpaid State taxes for the years 1876, 1877 and 1878, assessed in the name of plaintiff West. The city taxes for all the years from 1870 to 1879 were also due. At the date of the adjudication additional State and city taxes from 1880 up to and inclusive of 1888 were also due. The property was adjudicated to Negrotto under a bid made by him for one dollar, which he paid. Notwithstanding he failed to pay the State and city taxes due for the period between 1880 and the date of his purchase, the tax collecter gave him a deed to the property. This he should not have done, *923 as under the law under which the purchase was made it was Ne-grotto’s duty, in addition to the amount Of his bid, to have paid all the State and city taxes then due. Under the third section of Act 82 of 1884, it was the duty of the tax collector to execute to each adudicatee a deed of sale by notarial act, but only when the bid was complied with. The notary public was not authorized to pass the act until he had evidence before him of the payment of all taxes, city as well as State. The purchaser by virtue of his bid and the adjudication had come to have (just as an adjudieatee at execution or succession sale) certain rights entitling him to a specific performance of the contract of sale by compliance with his bid, and he was entitled to a reasonable delay to make payment to the city of the taxes due to her, but (as was determined by this court in Remick vs. Lang, 47 An. 914) he could take nothing by an illegal giving to him by the tax collector of a deed of sale when he failed to comply with his bid. He was really without title until he had done so. Had the original owner, West, while matters were in that situation, made payment to the State of the taxes due to it on the property, and had the State officers thereupon permitted him to redeem the same though he was out of time, the tax purchaser, Negrotto, would not have been in a condition to call such action in question, he being in default and having no rights himself. West, under such circumstances, would have occupied the position of Remick in the suit of' Remick vs. Lang, but he did not do so. On the contrary, Negrotto, who from 1888 to 1893 had paid none of these taxes himself, went forward, paid the taxes and obtained a certificate of redemption on the 29th day of March, 1893.
When the city of New Orleans found that the title of the property had passed from the State to Negrotto, and that its way was therefore free to pursue remedies in enforcement of payment of its past due taxes, it found among those taxes those which had stood on its books since 1880, under the assessment in the name of West, which it had been the duty of Negrotto to have paid under the adjudication to him. It therefore proceeded to offer the property for sale at auction, and at the sale it bid it in itself on July 12, 1893, but this was after Negrotto had (though tardily) paid the delayed State taxes and had received the certificate of redemption we have spoken of. West, after this, went forward and paid to the city its delayed *924 city taxes, and thereupon the city authorities gave him a certificate of redemption.
He has brought a petitory action against defendant, setting up and establishing the title held by himself at the time the property was adjudicated to the State. Negrotto set up the adjudications to the State, the adjudication to himself from the State, and the deed held by him thereunder. Plaintiff then, over defendant’s objection, offered in evidence the adjudication made to the city of New Orleans, in its proceedings against the property for the unpaid taxes and the certificate of redemption granted to himself by the city. The District 0ourt. rendered judgment in favor of the plaintiff for the property and in favor of the defendant on his reconventionai demand for reimbursement in case of eviction. Defendant appealed.
Plaintiff’s theory is, that his original title remained unaffected by ¡the tax sales. We have examined the adjudications made to the State, and we discover in them no ground for complaint. His real attack is on Negrotto’s rights, under his own adjudication from the State, and the certificate of redemption, subsequently granted him toy the State authorities.
The present plaintiff, West, says now what Lang said in the other case — that the State authorities were without power to permit this to be done at the late day it was done; that Negrotto having failed to comply with his bid, he obtained no standing at all by the adjudication to him; that he was an absolute stranger to the title, and payment by him could not confer or confirm title; that he ha i no title to redeem. That may or may not be true. Grant it to be true that the State authorities should have declined to receive payment from his hands, and should have refused a certificate, does that fact advance plaintiff at all?
If the various acts of adjudication of this property to the State were, in all respects, regular and legal and vested the title to the .same in the State, in what way would a failure by Negrotto to have paid, as he should have done, all taxes due at the time of his purchase redound to the benefit of West? The only effect of this noncompliance wouldhe to leave Negrotto without a title, but to leave the State itself as the owner of the property under the adjudication ¡made to it.
Negrotto’s failure to pay would not invest title in West. If Ne-grotto is improperly in possession under the tax collector’s deed *925 (let it be granted improperly in possession), is not West’s attack against Negrotto, through a petitory action, successfully met by the fact that, even if Negrotto has no title, West himself has none, as his title has passed to the State. There can be no question on that point. In order to get into position as a plaintiff in a petitory action (under his original title) West would have to appear before us reinvested (regularly or irregularly) with title by the State, as Remick did in Remiek vs. Land. This he has not done. The State authorities have placed it out of their power to enable West to get into such position as a plaintiff by granting a certificate of redemption, not to West, but to Negrotto.
So long as the adjudications to the State stand they are interposed as walls, effectually blocking West in his attempt to reach Negrotto by reason of the weakness of his title, under the adjudication made to him in 1888, and the certificate of redemption which he holds from the authorities. West, in order to succeed in this suit, under his original title, would have to make a successful attack, not only upon the adjudication to Negrotto, but upon the adjudications to the State. This hé has not done. But, says the plaintiff, when the city found the property in Negrotto’s possession and its taxes unpaid, it had the right to proceed to enforce the same. It did enforce those taxes and it became the owner of the property by adjudication to itself, and any title which Negrotto might have had ai that time was cut off. The city being then the owner of the property, at a tax sale made by it in enforcement of taxes in the name of George West, had the right to permit West to redeem the property, and it did so, and therefore he (West) appears before us in this suit as holding the city title, which cut off Negrotto’s (if he had one), to which are coupled the rights belonging to himself by virtue of the city’s having permitted him to redeem. The weakness of plaintiff’s position is just at this point. The title, if it be a good one, as against Negrotto, who is in possession of the land, is not the title on which this suit was brought. Plaintiff expressly declared upon his original title, and to that title he must be confined in the present suit, as defendant excepted to evidence going to show any title other than the one on which the action was brought. We think the judgment erroneous.
It is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and re *926 versed, and it is now ordered, adjudged and decreed that the adjudications made of the property in litigation herein to the State in 1883 and 1884, in enforcement of the taxes of the years 1881, 1882 and 1883, assessed in the name of George W. West, the plaintiff herein, divested plaintiff’s ownership in said property and vested the same in the State of Louisiana, and said fact stands as a bar to plaintiff’s action on his original title, but plaintiff’s rights, if any he has, under the adjudication of said property to the city of New Orleans, are hereby expressly reserved to him, they not being considered or included in this decree. Plaintiff’s demand is rejected, at his costs in both courts, with the reservation stated.